IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARTEZ MARCUS FUENTES,            )
                                  )
            Plaintiff,             )
                                  )
    v.                            )        1:21CV91
                                  )
VIC HERNANDEZ, et al.,            )
                                  )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names as Defendants four supervisors at J.P.I. Coastal, LLC. Plaintiff was employed there on a work release program while incarcerated at Piedmont Correctional Institution. He alleges that Defendant engaged in actions leading to his wrongful termination from that job, that one Defendant referred to him using a racial slur, and that another threatened him. He seeks $750,000 in damages.

Because Plaintiff asserts that he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As stated above, Plaintiff seeks to sue four of his former supervisors for what he claims was a wrongful termination from his work release job. He also claims that one of the Defendants threatened him and showed him a gun and that another repeatedly used a racial slur against him.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

In order to state a claim under § 1983, a plaintiff must allege that his federal constitutional rights were violated by a state actor. Private citizens are not ordinarily amenable to suit under § 1983. The persons Plaintiff names as Defendants were all employees of a private company which also employed Plaintiff as part of a work release program. The fact that their joint employer hired Plaintiff as part of the work release program was not sufficient to turn Defendants into state actors. See, e.g., Skinner v. Glenn, 1994 WL 524036, at *2 (D.N.J. Sept 20, 1994) (finding no state action where an inmate on work release was under the control of a private employer once he reported to work); Owens v. Swift Agr. and Chemical Corp., 477 F. Supp 91, 93 (E.D. Va.) (same), aff'd without opinion, 612 F.2d 1309 (4th Cir. 1979). Thus, the Complaint does not contain any viable claim for relief under § 1983 and it should be dismissed.

If Plaintiff intends to assert employment-related claims for racial discrimination in violation of Title VII or other federal employment-related claims against a private employer, he should file his claims on the appropriate Employment Discrimination Complaint forms accompanied by the filing fee or a request to proceed in forma pauperis, for further consideration by the Court. Similarly, if he seeks to assert state tort claims against co-workers, he should file the claims on the appropriate Civil Case Complaint form with the filing fee or an application to proceed in forma pauperis, although those claims

3

should be filed in state court if there is not a separate basis for federal jurisdiction.[2] Finally, if Plaintiff intends to assert claims against officials at the correctional institution acting under color of state law, he should re-file his claims, name the appropriate individuals, and set out the basis for his claims against those state actors.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $52.40. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $52.40.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

---

[2] Those forms are available on the Court's website as "Pro Se (Non-Prisoner)" forms, including an Application to Proceed In Forma Pauperis and a Complaint for Employment Discrimination and Complaint for Civil Case.

4

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff re-filing and re-stating his claims on the appropriate forms as set out above.

This, the 3rd day of November, 2021.

                                                      /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge